NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30200 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00096-RMP-1 |
| v. | |
| HEVER GUZMAN-GUERRERO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted December 5, 2017
Seattle, Washington

Before: O'SCANNLAIN, TALLMAN, and WATFORD, Circuit Judges.

1.      We affirm the district court's denial of Hever Guzman-Guerrero's

motion to suppress and his subsequent guilty plea.[1]  Cocaine was seized from

Guzman-Guerrero's backpack during a search pursuant to a warrant, but law

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] We have jurisdiction over this appeal from a pre-trial suppression order and a non-conditional guilty plea because the government waived its argument that Guzman-Guerrero entered an unconditional plea. *See United States v. Jacobo Castillo*, 496 F.3d 947, 954 (9th Cir. 2007).

enforcement officers first saw the cocaine when they "peeked" into the backpack before obtaining the warrant. Guzman-Guerrero argues that the peek tainted the warrant and invalidates the subsequent search, and therefore the cocaine must be excluded. The government argues, and following an evidentiary hearing the district court held, that the cocaine was admissible under the "inevitable discovery" exception to the exclusionary rule.

We review the district court's application of the exclusionary rule de novo, and its factual findings for clear error. *United States v. Lundin*, 817 F.3d 1151, 1157 (9th Cir. 2016).

This is not an inevitable discovery case because the evidence was actually seized pursuant to an otherwise valid warrant. *See Lundin*, 817 F.3d at 1161 (citing *United States v. Merriweather*, 777 F.2d 503 (9th Cir. 1985)). We may affirm on any ground supported by the record, *Serrano v. Francis*, 345 F.3d 1071, 1076–77 (9th Cir. 2003), and we hold that the cocaine was admissible under the "independent source" doctrine.

Evidence observed during an illegal search is admissible if it is later seized during a search that is "genuinely independent" of the initial search. *Murray v. United States*, 487 U.S. 533, 542 (1988). Seizure under a subsequently obtained search warrant is "genuinely independent" if the government would have sought, and the magistrate would have issued, the warrant even in the absence of the

unlawful search. *See id.*; *United States v. Heckenkamp*, 482 F.3d 1142, 1149 (9th Cir. 2007).

The agents disclosed in the warrant affidavit that they had looked inside the backpack after Guzman-Guerrero was apprehended and observed eight cellophane-wrapped bricks. But there was ample probable cause before the peek, and the district court properly found that the magistrate would have issued the warrant anyway. We agree that even when the information from the warrantless search is excised from the warrant affidavit, the remaining facts still establish probable cause. *See Heckenkamp*, 482 F.3d at 1149.

The district court did not explicitly find that officers would have sought a warrant absent the initial search. We have previously remanded for such factfinding in similar situations. *See United States v. Duran-Orozco*, 192 F.3d 1277, 1281 (9th Cir. 1999); *United States v. Holzman*, 871 F.2d 1496, 1513–14 (9th Cir. 1989), *abrogated on other grounds by Horton v. California*, 496 U.S. 128, 130 (1990). But here, Guzman-Guerrero conceded—both in his briefing and at oral argument—that the officers would have sought a warrant even if they had not peeked into his backpack.

Because both of *Murray*'s requirements are satisfied, the warrant constitutes an independent source for finding the cocaine, and the district court's denial of the motion to suppress is **AFFIRMED**. The guilty plea stands.